Exhibit 1

FILED

13 JAN 14 PM 4:12

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-01989-2 SEA

SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| Julian Ari Shulman<br>W4224 Kiekhaefer Parkway<br>Fond du Lac, WI 54937<br>on his own behalf and on behalf of all<br>others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>Amazon.com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226,<br><br>Susan Arnett<br>c/o Amazon.com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226,<br><br>Kirsten Mitchell<br>c/o Amazon.com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226,<br><br>Does I through XXV,<br>Affiliated Corporations, Officers, Agents,<br>Employees, and /or Managers<br>of Amazon.com Inc. and/or its Affiliated Corporations<br>c/o Amazon.com, Inc. | Case No. _____ |

P.O. Box 81226 )
Seattle, WA 98108-1226, )

       Defendants.

# COMPLAINT

## INTRODUCTION

The Plaintiff, Julian Ari Shulman, ("Shulman") is an adult resident of Fond du Lac, Wisconsin who was employed in the first named Defendant's Amazon.com Inc's. ("Amazon") warehouse in Lexington, Kentucky at all times relevant to this lawsuit. In the latter part of 2009, Shulman became aware of a serious health condition involving an immediate family member and advised Human Resources at Amazon that he would need to take Family and Medical Leave Act ("FMLA") leave from work. Communication between Shulman and leave of absence specialists in Seattle, Washington, where Amazon is headquartered, including Kirsten Mitchell ensued at that time. Shulman provided Amazon a completed FMLA request form and a medical certification of need was also provided to Amazon by a physician. On or about January 11, 2010 as Shulman was preparing to leave his home for work, he received a telephone call from a leave of absence specialist, who to the best of his recollection, introduced herself as Susan Arnett, the second named Defendant("Arnett"). The caller wanted to know how the time covered by FMLA leave would be used if said leave was approved. Shulman informed the caller that until his family member asked for his presence, he intended to use the time to research possible care options for his family member. The caller said that she would get back to him. On or about the following day, Shulman received another telephone call from, to the best of his recollection, Arnett, and was informed that the caller had conferred with another member of her team and that until such time as he would be traveling to physically be with his family member, the leave would not be approved. The stated reasoning was that Amazon was concerned that other employees whose leave requests had not been approved under similar circumstances might sue. Shulman then asked Arnett if she knew how serious his mother's health condition was. She replied by offering to email him a copy of the healthcare provider authorization form which to date Shulman had not seen in its completed form. This form described his mother's prognosis as probably terminal. This was taken to mean that Amazon knew exactly how ill Shulman's mother was but would do what it wanted anyway. Shulman then took as much time off from work to continue researching options for future care as he could without causing his termination from work by the use of

personal time and accrual of attendance infraction points until he was able to meet the unlawful and arbitrary additional requirement that Arnett and Amazon had created, at which point he went on FMLA leave.

### Jurisdiction and Venue

1. Pursuant to USC.TITLE 29 > CHAPTER 28 > SUBCHAPTER I > § 2615 any State or Federal court of competent jurisdiction can try an FMLA case.

2. The Defendants are located within the State of Washington and were located therein at all times relevant to this action.

3. The Plaintiff believes that the violations alleged occurred at an office located within the city of Seattle, making venue proper.

### Cause of action

1. Pursuant to USC TITLE 29 > CHAPTER 28 > SUBCHAPTER I > § 2615 it is unlawful for any employer to interfere with an employee's right to take FMLA leave for which they are eligible under the law. The Defendants' conduct constitutes a, violation, and possibly a willful violation of the Plaintiff's rights as established by the FMLA.

2. These violations caused emotional distress to Shulman, either by negligence, intent, or both.

### Facts

1. The Plaintiff at all times made a good faith effort to engage in the protected activity of utilizing FMLA leave and complied with all requests made by each and every known Defendant.

2. Any facts in question in this matter, including the identity of the fictionally named Defendants Does I through XXV, should be easily ascertainable from records that the Defendants are required to keep pursuant to the FMLA.

3. All the facts attested to in the introduction of this complaint are true.

WHEREFORE, Shulman requests that this Court award the following relief:
1. Find that the Defendants violated Shulman's rights as established by the Family and Medical Leave Act.

2. Find that the Defendants negligently caused Shulman emotional distress.

3. Find that the Defendants intentionally caused Shulman emotional distress.

4. Enter judgment against each Defendant found responsible for these violations and torts.

2. Order Defendants to institute and carry out policies, practices, and programs that eradicate interference with the lawful taking of FMLA leave at Amazon.com companies.

3. Order Defendants to pay all damages as provided for by the FMLA as well as any and all damages allowed by statute and/or common law.

4. Grant any other relief as deemed just and proper.

5. Order Defendants to pay Plaintiff's legal expenses and costs in this case.

Respectfully Submitted,

Dated at Fond du Lac, Wisconsin, this 14'Th day of January, 2013.
By:

/ Julian Ari Shulman/


Julian Ari Shulman
Pro se
W 4224 Kiekhaefer Pkwy.
Fond du Lac, WI 54937
606-657-6140
julianshulman@yahoo.com

Exhibit 2

**FILED**

13 JAN 14 PM 4:12

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-01989-2 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Shulman<br><br>VS<br><br>Amazon.com Inc. et al | NO. 13-2-01989-2 SEA<br><br>CASE INFORMATION COVER SHEET<br>AND AREA DESIGNATION |

### CAUSE OF ACTION

**(TTO) -**   TORT, NON-MOTOR VEHICLE

### AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

Exhibit 3

```
                                                    FILED
                                              13 FEB 06 AM 11:54

                                                  KING COUNTY
                                              SUPERIOR COURT CLERK
              The Honorable Barbara Linde         E-FILED
                                          CASE NUMBER: 13-2-01989-2 SEA
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JULIAN ARI SHULMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>AMAZON.com, INC.; SUSAN ARNETT; KIRSTEN MITCHELL; and "DOES I through XXV",<br><br>        Defendants. | No. 13-2-01989-2 SEA<br><br>**NOTICE OF APPEARANCE OF COUNSEL FOR DEFENDANTS AMAZON.COM, INC., SUSAN ARNETT, AND KIRSTEN MITCHELL** |

TO:        **CLERK OF COURT**

AND TO:   **PLAINTIFF JULIAN ARI SHULMAN,** *Pro Se*

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that Defendants Amazon.com, Inc., ("Amazon"), Susan Arnett, and Kirsten Mitchell (together, "Defendants"), without waiving any defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process, hereby enter their appearance in the above-entitled action by and through the undersigned attorneys and requests that notice of all further proceedings in said action, except original process, be served upon the undersigned attorneys at their address stated below:

NOTICE OF APPEARANCE - 1
Case No. 13-2-01989-2 SEA

```
 1                       Leigh Ann Tift, WSBA #11776
                              Littler Mendelson, P.C.
 2                               One Union Square
                          600 University Street, Suite 3200
 3                            Seattle, WA  98101.3122
                               Phone:  206.623.3300
 4                              Fax:  206.447.6965
                              Email:  ltift@littler.com
 5

 6
     Dated:  February 6, 2013
 7
                                         s/ Leigh Ann Tift
 8                                       Leigh Ann Tift, WSBA #11776
                                         ltift@littler.com
 9                                       LITTLER MENDELSON, P.C.
                                         600 University Street, Ste. 3200
10                                       Seattle, WA  98101-3122
                                         Tel:  206-623-3300
11                                       Fax:  206-447-6965

12                                       Attorneys for Defendants
                                         AMAZON.com, Inc., SUSAN ARNETT, and
13                                       KIRSTEN MITCHELL

14

15

16

17

18

19

20

21

22

23

24

25

26

     NOTICE OF APPEARANCE - 2                                  LITTLER MENDELSON, P.C.
                                                                    One Union Square
     Case No. 13-2-01989-2 SEA                                600 University Street, Suite 3200
                                                                 Seattle, WA  98101.3122
                                                                       206.623.3300
```

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, I electronically filed the foregoing with the King County Superior Court Clerk using the eFiling system and served, on and in the manner indicated, the foregoing to:

| | |
|---|---|
| **Julian Ari Shulman,** *Pro Se*<br>**W 4224 Kiekhaefer Pkwy.**<br>**Fond du Lac, WI  54937** | [ ] *Via Facsimile*<br>[X] *Via U.S. Mail*<br>[ ] *Via Legal Messenger*<br>[] *Via E-mail*<br>[] *Via Hand Delivery* |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 6th day of February, 2013.

*s/ Tiffany D. Holiday*
Tiffany Holiday
tholiday@littler.com
**LITTLER MENDELSON, P.C.**

Firmwide:118122033.1 034959.2148

NOTICE OF APPEARANCE - 3
Case No. 13-2-01989-2 SEA

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

Exhibit 4

FILED
13 JAN 14 PM 4:12

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-01989-2 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| Shulman | NO. 13-2-01989-2   SEA |
|---|---|
| | Order Setting Civil Case Schedule (*ORSCS) |
| vs  Plaintiff(s) | |
| Amazon.com Inc. et al | ASSIGNED JUDGE  Linde  6 |
| | FILE DATE:  01/14/2013 |
| Defendant(s) | TRIAL DATE:  05/05/2014 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____
Print Name | Sign Name

Order Setting Civil Case Schedule (*ORSCS)　　　　　　　　　　　　　　　　　REV. 12/08   1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 01/14/2013 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Mon 06/24/2013 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Mon 06/24/2013 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Mon 07/08/2013 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 12/02/2013 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 01/13/2014 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 01/27/2014 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | Mon 01/27/2014 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon 03/17/2014 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 04/07/2014 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 04/14/2014 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon 04/14/2014 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 04/21/2014 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 04/28/2014 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 04/28/2014 | * |
| Trial Date [See KCLCR 40]. | Mon 05/05/2014 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED: 01/14/2013

_Richard F. McDermott_
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

### B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

C. *Form*

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

PRESIDING JUDGE