UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN ARI SHULMAN, | |
| Plaintiff, | CASE NO. C13-247RSM |
| v. | ORDER GRANTING MOTION TO DISMISS |
| AMAZON.COM, INC., et al., | |
| Defendants. | |

Plaintiff Julian Ari Shulman, appearing *pro se*, filed this complaint regarding his rights under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA") in King County Superior Court. Defendants removed the action to this Court on the basis of federal question jurisdiction. Dkt. # 1. Defendants then moved to dismiss the complaint as barred by the applicable statute of limitations and for failure to state a claim, or in the alternative to transfer it to the Eastern District of Kentucky, where plaintiff has another lawsuit pending against his former employer. Dkt. # 5. The motion was noted on the Court's calendar for March 15, 2013. Plaintiff's response filed March 12, 2013 was untimely, but will nevertheless be considered by the Court. For the reasons set forth below, defendants' motion shall be granted and the complaint and action dismissed.

ORDER - 1

## DISCUSSION

Plaintiff filed this complaint in King County Superior Court on January 14, 2013. He alleges that his employer denied his request for FMLA leave on January 12, 2010, after plaintiff stated that the purpose of his leave request was to research possible care options for an ill family member. In moving to dismiss, defendants assert both that the complaint is time-barred, and that it fails on the merits. The two shall be addressed separately.

Plaintiff's federal law claim is indeed time-barred, as it was filed outside the two-year statute of limitations for FMLA claims. 29 U.S.C. §2617(c)(1). Plaintiff is well aware of the statute of limitations, as he previously filed a nearly identical complaint in state court in the State of Wisconsin, where he resides. Declaration of Leigh Ann Tift, Dkt. # 6, Exhibit 3. That complaint was filed January 11, 2012, the last day before the two-year statute of limitations expired. It was removed to federal court, which on June 19, 2012, dismissed the action for lack of personal jurisdiction over the defendants. *Id.*, Exhibit 4.

Plaintiff contends that the applicable statute of limitations is the three-year statute for willful violations of FMLA. 29 U.S.C. § 2617(c)(2). He also asserts that his January 14, 2013 filing was timely because January 12, 2013 fell on a Saturday. Pursuant to Fed.R.Civ.P. 6(a)(1)(C), plaintiff's Monday, January 14 filing would be deemed timely for a statute of limitations that expired on Saturday, January 12. However, in order to qualify for the longer three-year statute of limitations, the complaint must allege that the FMLA violation was willful.

> In the case of such action brought for a willful violation of section 2615 of the title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.

ORDER - 2

29 U.S.C. § 2617(c)(2). Plaintiff's complaint asserts the following cause of action:

> 1. Pursuant to USC TITLE 29 > CHAPTER 28 > SUBCHAPTER I > § 2615 it is unlawful for any employer to interfere with an employee's right to take FMLA leave for which they are eligible under the law. The Defendants' conduct constitutes a, violation and possibly a willful violation of the Plaintiff's right as established by the FMLA.
>
> 2. These violations caused emotional distress to Shulman, either by negligence, intent, or both.

Complaint, Dkt. # 1-1.

Plaintiff's speculative reference to a "possible" willful violation is insufficient to bring his cause of action under the three-year statute of limitations. While neither the Supreme Court nor the Ninth Circuit Court of Appeals has defined willfulness under the FMLA, other circuits have looked to the Supreme Court's definition of "willful" in the context of the Fair Labor Standards Act ("FLSA"). *See, e.g., Golez v. Potter*, 2012 WL 368218 at * 4 (S.D.Cal. 2012) (collecting cases). Under that definition, an employer acts "willfully" when he or she "either knew or showed reckless disregard for the matter of which its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988). If "an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful. . . . If any employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be . . . considered [willful]." *Id*., at 135 n. 13.

Viewing plaintiff's allegations in the light most favorable to him, it cannot be said that he has alleged that defendants acted recklessly in determining its legal obligations under the FMLA. Plaintiff asserts in his narrative that "Amazon knew exactly how ill Shulman's mother was but would do what it wanted anyway." Complaint, Dkt. #1-1, p. 2. However, he also admits he was advised that "until such time as he would be traveling to physically be with his family member, the leave would not be

ORDER - 3

approved." *Id*. In other words, had plaintiff requested FMLA leave to actually visit and care for his terminally ill mother, the leave would have been approved. However, the employer determined that the asserted basis for the leave request—research into care options, which would not involve travel to be near his mother—was not a valid basis for FMLA leave. Denial of plaintiff's request may have been unreasonable in his view, but he has not properly alleged recklessness or willfullness and thus has failed to invoke the longer statute of limitations.

Even if the complaint were to be construed as one for willful violation of FMLA, the facts alleged in the complaint fail to state a claim for relief. As noted above, plaintiff does not allege that he requested FMLA leave for the purpose of caring for an ill family member. Instead, he alleges that he requested leave for the purpose of researching possible care options for his ill family member, without traveling to be near her. Time to research care options is not a purpose for which FMLA leave must be granted. Under the FMLA, an eligible employee is eligible for a certain amount of leave "to care for" a family member who is seriously ill. 29 U.S.C. § 2612(a)(1)(C). The Courts have interpreted the "care for" component as requiring "close and continuing proximity to the ill family member." *Tellis v. Alaska Airlines, Inc.,* 414 F. 3d 1045, 1047 (9th Cir. 2005).

Plaintiff argues that his research is a permissible basis for FMLA leave under 29 C.F.R. § 825.124, which states in relevant part:

> (a) The medical certification provision that an employee is "needed to care for" a family member . . . encompasses both physical and psychological care. . . .
>
> (b) The term also includes situations where the employee may be needed to substitute for others who normally care for the family member. . . , or to make arrangements for changes in care, such as transfer to a nursing home.

29 C.F.R. § 825.124(a), (b). However, plaintiff's research into care options does not fall within the

ORDER - 4

regulation's language regarding "mak[ing] arrangements for changes in care."  There is a substantive difference between researching possible care options from afar, and actually carrying out the changes, including transfer of the ill family member from one place to another.  The latter, under *Tellis*, requires the physical presence of the family member and is a permissible use of FMLA leave. The former, which may involve internet or telephone research rather than physical presence, is not a permissible use.

## CONCLUSION

Plaintiff's complaint was filed outside the two-year statute of limitations applicable to his FMLA claim and is therefore time-barred.  Further, his complaint fails to state a claim under the FMLA, as the purpose for which he sought leave was not a covered purpose. Defendants' motion to dismiss (Dkt. # 5) is GRANTED and the complaint and action are DISMISSED.

Dated this 30th day of May 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5